# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Silvia Cortes Herrera,<br><br>    Petitioner,<br><br>v.<br><br>United States Attorney General,<br><br>    Respondent. | No. CV-16-03931-PHX-DJH (BSB)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

Petitioner Ana Silvia Cortes Herrera has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 21.) Respondent, the United States Attorney General (the government), has answered and argues that the Amended Petition should be denied. (Doc. 22.) Petitioner has not filed a reply and the time to do so has passed. As discussed below, the Court recommends the Amended Petition be granted in part and denied in part.

**I.   Background**

    **A.   Immigration Proceedings**

Petitioner is a native and citizen of Mexico. (Doc. 22, Exs. A, C.) In March 2007, United States Border Patrol (USBP) agents apprehended Petitioner near Nogales, Arizona, and she was granted a Voluntary Return to Mexico. (Doc. 22, Ex. B.) Sometime later, at an unknown date and location, Petitioner entered the United States without permission. (Doc. 22, Ex. C.) United States Immigration and Customs Enforcement (ICE) officers encountered Petitioner in the Clark County Detention Center,

after she was arrested in Las Vegas, Nevada. (*Id.*) On February 21, 2011, Petitioner pleaded guilty to battery with substantial bodily harm, a felony offense. (Doc. 22, Ex. D.) She was issued a Notice to Appear (NTA) charging her with removability as an alien present in the United States without being admitted or paroled by an immigration officer. (Doc. 22, Ex. F.) On June 15, 2011, she was issued Form I-261, charging removability under Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act (INA), as an alien who has been convicted of, or who admits having committed, or who admits having committed acts which constitute the essential elements of, a crime involving moral turpitude. (Doc. 22, Ex. F.) On July 20, 2011, an Immigration Judge (IJ) ordered Petitioner removed to Mexico. (Doc. 22, Ex. G.) After an unsuccessful appeal to the Board of Immigration Appeals (BIA), Petitioner was removed from the United States on November 23, 2011. (Doc. 22, Exs. C, I, J.)

On January 15, 2015, Petitioner re-entered the United States without inspection or parole, and was apprehended by USBP Agents. (Doc. 22, Exs. K, M.) Petitioner was issued a notice of intent/decision to reinstate prior order of removal. (Doc. 22, Ex. M.) Petitioner expressed a fear of returning to Mexico, and was referred for a reasonable fear interview and transferred into ICE custody. (Doc. 22, Exs. B, L.) On February 9, 2015, an Asylum Pre-Screening Officer (APSO) interviewed Petitioner and found that Petitioner had demonstrated a reasonable fear of persecution or torture. (Doc. 22, Ex. N.) Petitioner was referred to an IJ for immigration proceedings for withholding of removal and relief under the Convention Against Torture (CAT). (Doc. 22, Exs. B, N, O.)

From April 2015 to February 2016, ICE conducted several Post Order Custody Reviews (POCR), and decided to retain Petitioner in custody while she was in withholding-only proceedings. (Doc. 22, Exs. B, P, Q, R, S, T, V, U.) On April, 2016, an IJ held a custody redetermination hearing at Petitioner's request. (Doc. 22, Ex. W.) The IJ denied Petitioner's request for bond, finding that Petitioner was a danger to the community. (*Id.*) In April and August 2016, ICE conducted additional POCRs and decided to retain Petitioner in custody while she was in withholding-only proceedings.

(Doc. 22 at X, Y, Z, AA). On September 7, 2016, an IJ conducted a hearing on the merits of Petitioner's claims for withholding of removal and relief under the CAT and denied relief. (Doc. 22, Exs. BB.) Petitioner appealed that decision to the BIA. (Doc. 22, Ex. CC.) Based on the record before the Court, that appeal remains pending. (Doc. 22 at 5.)

On October 13, 2016, ICE conducted another POCR and decided to retain Petitioner in custody while she was in withholding-only proceedings. (Doc. 22, Exs. DD, EE.) On December 13, 2016, Petitioner filed a motion with the BIA to remand her case to the IJ based on ineffective assistance of counsel. (Doc. 22, Ex. KK.) On December 15, 2016, Petitioner requested a custody redetermination hearing. (Doc. 22, Ex. FF.) On January 3, 2017, the IJ conducted a hearing and denied Petitioner's request for custody redetermination because she was in withholding-only proceedings. (*Id.*) The IJ issued a written decision concluding that he lacked authority to redetermine the condition of custody for an applicant in withholding-only proceedings. (*Id.*) On January 10, 2017, ICE conducted another POCR and decided to retain Petitioner in custody during the withholding-only proceedings. (Doc. 22, Exs. GG, HH.)

### B. Amended Petition for Writ of Habeas Corpus

On February 22, 2017, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 21.) The Amended Petition contains four grounds for relief. (*Id.* at 7-9.) In Ground One, Petitioner challenges her underlying order of removal, arguing that her crime of conviction (battery with substantial bodily harm) did not subject her to removal under 8 U.S.C. § 1227(a)(2)(A)(i)(II) because she was sentenced to only three months in jail, not one year of imprisonment, and because it was not a crime of moral turpitude. (*Id.* at 7.) In Grounds Two, Three, and Four Petitioner challenges her continued detention pending the outcome of her appeal to the BIA. (*Id.* at 7-9.) Petitioner argues that her continued detention violates her due process rights and that the government has no basis to detain her because she does not pose a danger to the community and is not a flight risk. (*Id.*) Petitioner seeks release from

custody and dismissal of her removal proceedings. (Doc. 21 at 11.) As the government asserts (Doc. 22 at 8), these three claims are essentially the same, therefore, the Court considers them together.

## II. Petitioner's Claims

### A. Ground One

In Ground One, Petitioner challenges her underlying order of removal, arguing that her underlying conviction did not subject her to removal under 8 U.S.C. § 1227(a)(2)(A)(i)(II). (Doc. 21 at 7.) The government argues that under 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act, this Court does not have jurisdiction to review Petitioner's removal order. (Doc. 22 at 6.) The Court agrees. Section 1252(a)(5) provides that "[n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the [Immigration and Naturalization Act]." 8 U.S.C. § 1252(a)(5). Thus, this Court "plainly lack[s] habeas jurisdiction" to review Petitioner's removal order. *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007); *see also Ilyabaev v. Kane*, 847 F. Supp. 2d 1168, 1173 (D. Ariz. 2012) (stating that a petition for review from the BIA to the Ninth Circuit is the exclusive means to challenge a final order of removal . . . ."). The Court, therefore, recommends that Ground One be dismissed for lack of jurisdiction.

### B. Grounds Two, Three, and Four

Petitioner claims that her continued detention without a bond hearing pending the resolution of her withholding of removal proceedings is unconstitutional.[1] (Doc. 21 at 7 -

---

[1] Petitioner also appears to challenge the IJ's discretionary decision that she should be detained. (Doc. 21 at 7.) This Court does not have jurisdiction to consider challenges to an IJ's discretionary judgment regarding the detention or release of an alien. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *see also Prieto–Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("discretionary decisions granting or denying bond are not subject to judicial review").

- 4 -

9.) This claim presents two issues. First, whether Petitioner, who is subject to a reinstated removal order and who has instituted withholding of removal proceedings, is detained under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231(a). Second, whether Petitioner is entitled to a bond hearing after six months of detention.

### 1. Petitioner is Detained under § 1231(a)

Petitioner is currently subject to a reinstated removal order. When a removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed . . . ." 8 U.S.C. § 1231(a)(5). Petitioner, however, requested withholding from removal to Mexico and her withholding proceedings are ongoing. *See* 8 C.F.R. § 1208.31 (governing withholding proceedings based on fear of returning to the country of removal); 8 C.F.R. § 1208.2(c)(3)(i). During withholding proceedings, the IJ may determine only if a petitioner should be granted withholding or deferral of removal. 8 C.F.R. § 1208.2(c)(3)(i). The applicable regulations provide that "[d]uring such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.*

Consistent with decisions in this district, the government states that Petitioner is detained pursuant to 8 U.S.C. § 1231(a). (Doc. 22 at 9); *see Guardado-Quevara v. Lynch,* 2016 WL 4136547, at *3-4 (D. Ariz. June 27, 2016), *report and recommendation adopted*, 2016 WL 4074113 (D. Ariz. Aug. 1, 2016)* (alien detained under a reinstated order of removal and who has applied for withholding of removal is held under 8 U.S.C. § 1231(a)); *Rivas-Moreira v. Lynch*, No. 2:16-cv-04518-DJH-BSB (D. Ariz. Mar. 2, 2017) (same); *Gomez-Vasquez v. Lynch*, No. 2:17-cv-00269-JJT-JFM (D. Ariz. Feb. 21, 2017) (same); *Mendez-Cruz v. Lynch*, No. 2:16-cv-04416-GMS-DMF (D. Ariz. Feb 17, 2017) (same); *see also Reyes v. Lynch,* 2015 WL 5081597, at *4 (D. Colo. Aug. 28, 2015). The Court agrees that Petitioner is detained under § 1231(a).

///

///

### 2    Petitioner is entitled to a Bond Hearing

The government argues that an alien in withholding-only proceedings, such as Petitioner, is not entitled to release or a bond hearing under the detention statutes or the applicable regulations. (Doc. 22 at 10 (citing 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 1003.19 (providing jurisdiction for IJs to review only custody determinations under 8 C.F.R. § 1236).)  The government further argues that the holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1085 (9th Cir. 2011) (*Diouf II*) does not apply to Petitioner's case. (Doc. 22 at 10.)  As the government notes, several courts in this district have rejected its argument and this Court follows those decisions. (Doc. 22 at 10 (citing cases).)

In *Diouf II*, the Ninth Circuit addressed the due process requirements for prolonged detention under § 1226(a) and § 1231(a)(6).[2]  The court concluded that because prolonged detention of an alien without an individualized determination of flight risk and danger would "raise serious constitutional concerns," aliens are entitled to a bond hearing after six months of detention. *Diouf II*, 634 F.3d at 1092.  The court further held "that an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *Id.*

This Court follows several other courts in the circuit finding that *Diouf II* compels a bond hearing for aliens in withholding proceedings whose detention has been prolonged.  *See Guardado-Quevara*, 2016 WL 4136547, at * 4 (concluding that petitioner in withholding proceedings was entitled to a bond hearing); *Gonzalez v. Asher*, 2016 WL 871073, at *3 (W.D. Wash. Feb. 16, 2016), *report and recommendation adopted,* 2016 WL 865351 (W.D. Wash. Mar. 7, 2016) (finding that petitioner "is entitled to a bond hearing under either § 1226(a) or § 1231(a)" under *Diouf II* because he "has been detained by ICE for more than six months and his detention is likely to continue

---

[2] Prolonged detention is detention that "has lasted six months and is expected to continue more than minimally beyond six months." *Diouf II*, 634 F.3d at 1092 n.13.  The government does not challenge the length of Petitioner's detention. (Doc. 22.)

until his withholding-only proceedings are concluded"); *Acevedo-Rojas v. Clark*, WL 6908540, at *6 (W.D. Wash. Dec. 8, 2014) (concluding that a petitioner with a reinstated removal order and in withholding proceedings was detained under § 1231(a) detention and was entitled to bond hearing at six months as required by *Diouf II*); *Giron-Castro v. Asher*, 2014 WL 8397147, at *3 (W.D. Wash. Oct. 2, 2014) (same). Therefore, Petitioner is entitled to a bond hearing.

### III. Conclusion

The Court concludes that it lacks jurisdiction over Petitioner's claim asserted in Ground One and recommends that this claim be dismissed on that basis. The Court also concludes that *Diouf II* applies to Petitioner's continued detention and, therefore, recommends that Grounds Two, Three, and Four be granted to order that Petitioner is entitled to a bond hearing before an IJ.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 21) be **GRANTED** to the extent that Petitioner challenges her prolonged detention and requests a bond hearing under *Diouf II*.

**IT IS FURTHER RECOMMENDED** that the Amended Petition be **DENIED** in all other respects.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to

any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 10th day of May, 2017.

_____
Bridget S. Bade
United States Magistrate Judge