IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ana Silvia Cortes Herrera,<br><br>    Petitioner,<br><br>v.<br><br>United States Attorney General,<br><br>    Respondent. | No. CV-16-03931-PHX-DJH<br><br>**ORDER** |

    This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus (the "Amended Petition") pursuant to 28 U.S.C. § 2241 (Doc. 21) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 23). Respondent filed an Answer to Amended Petition (Doc. 22) and argues that Petitioner's claims for relief should be denied.

    Petitioner is a native and citizen of Mexico who, sometime after March 2007, entered the United States without permission. (Doc. 23 at 1). Upon completion of proceedings in the Immigration Court, Petitioner was removed from the United States on November 23, 2011. (Doc. 23 at 2). Petitioner subsequently re-entered the United States in January 2015 and was apprehended by United States Border Patrol agents. (*Id.*). After demonstrating a reasonable fear of persecution or torture if returned to Mexico, Petitioner was referred to an Immigration Judge to seek withholding of removal and relief under the Convention Against Torture. (*Id.*). Petitioner has been in custody during the pendency of the withholding of removal proceedings. (*Id.*). On September 7, 2016, the

Immigration Judge held a hearing but denied relief on the merits of Petitioner's claims for withholding of removal and relief under the Convention Against Torture. (*Id.* at 3). Petitioner appealed the decision to the Board of Immigration Appeals ("BIA") and that appeal is pending. (*Id.*).

Petitioner raises four grounds for relief in her Amended Petition. (Doc. 23 at 3). In Ground One, Petitioner challenges the underlying order of removal, claiming that she should not have been subject to removal based on a prior criminal conviction. (*Id.*). In Grounds Two, Three, and Four, Petitioner challenges the decision to keep her in custody while her appeal to the BIA is pending. (*Id.*). She claims that her continued detention violates her right to due process, and that she is not a flight risk or danger to the community. (*Id.*). Petitioner therefore seeks release from custody and dismissal of her removal proceedings. (*Id.* at 3-4).

Judge Bade recommends that Ground One be dismissed because the district court is without jurisdiction to review a final order of removal. (Doc. 23 at 4). As Judge Bade explains, the exclusive means for judicial review of an order of removal is through the court of appeals. *See* 8 U.S.C. § 1252(a)(5). This Court therefore lacks habeas jurisdiction to review Petitioner's removal order. *See Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007). The Court agrees with Judge Bade's analysis and recommendation. Ground One will therefore be dismissed for lack of jurisdiction.

Regarding Grounds Two through Four, Judge Bade determined that Petitioner is detained pursuant to 8 U.S.C. § 1231(a). Applying the decision in *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) in which the Ninth Circuit addressed prolonged detention under that statute, and several other decisions in this circuit that followed *Diouf*, Judge Bade concluded that Petitioner is entitled to a bond hearing. After reviewing Judge Bade's analysis, this Court agrees with Judge Bade's recommendation.

Judge Bade advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the District Court's acceptance of the Report and Recommendation without further review." (Doc. 23 at 7) (citing *United*

*States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). Petitioner filed an Objection (Doc. 24) on May 22, 2017. Her only objection, however, is to certain information in the factual background provided in the R&R. Specifically, Petitioner claims she was not arrested by the Border Patrol in 2007, among other factual disputes.

Petitioner does not object to Judge Bade's analysis and recommendation to dismiss Ground One but grant relief under the remaining counts. Absent any objections with respect to those recommendations, the Court is not required to review them. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Nonetheless, as noted above, the Court has reviewed Judge Bade's analysis and agrees with her recommendations. The Court will, therefore, accept the R&R and grant the Amended Petition in part. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 23) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 21) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing pursuant to *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011). A bond hearing before an Immigration Judge shall be arranged and held promptly. The Amended Petition is otherwise **DENIED**.

**Dated** this 10th day of July, 2017.

Honorable Diane J. Humetewa
United States District Judge